4
Stephen M. Reynolds, CBN 148902
**Reynolds Law Corporation**
424 2nd Street, Ste. A
Davis, CA 95616
(530) 297-5030 Phone
(530) 297-5077 Fax
sreynolds@lr-law.net  email

Attorney for Debtor-in-Possession
Victoria Gewalt

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:                                    )  Case No.    21-20600-C-11
                                          )  DCN:        RLC-3
                                          )  Date:       March 24, 2021
   Victoria Gewalt,                       )  Time:       11:00 a.m.
                                          )  Dept:       C
                                          )  Courtroom:  35
   Debtor.                                )  Judge.      Klein
_____ )

**MOTION TO APPROVE SALE OF REAL PROPERTY, COMPENSATION
TO BROKER, AND WAIVER OF 14 DAY STAY PERIOD**
**[11 U.S.C. §363(f)]**

Victoria Gewalt, the Chapter 11 debtor-in-possession in the above captioned case ("Gewalt"), hereby moves for an order approving the sale of real property of the estate commonly known as 490 Club Drive, Tahoe City, CA 96145, APN 083-340-016-000 ("Property") comprising a residence of approximately 1,176 square feet on an approximately 1/3rd acre lot pursuant to the terms of the Purchase and Sale Agreement dated February 28, 2021 and amended by Seller Multiple Counter Offer No. 1 dated March 2, 2021 and Buyer Counter Offer No. 1 executed by Victoria Gewalt on March 3, 2021.  True and correct copies are attached to the Exhibits filed in support of the present motion.

Debtor also requests an order approving compensation to the estate's real estate broker, West Lake Properties at Tahoe ("Broker") in the amount of $41,300 (5% of the gross sale price), or the appropriate commission resulting from an overbid.  A true and

1　correct copy of the Listing Agreement is attached to the Exhibits filed in support of the

2　present motion.  In addition, Debtor requests that the 14-day stay period imposed by

3　Federal Rule of Bankruptcy Procedure 6004(h) be waived.

4　　　　　In support of the motion to sell the Debtor represents as follows:

5　　　　　1.  This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §363

6　and 28 U.S.C.  §§157 and 1334 and Federal Rules of Bankruptcy Procedure, Rules

7　6004 and 9014.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

8　　　　　2.  Gewalt commenced this case as a voluntary Chapter 11 on February 22,

9　2021.

10　　　　　3.  Among the assets of this bankruptcy estate is Debtor's interest in the 490

11　Club Drive property.  Debtor had listed the Property prior to the filing of this case.

12　After filing Debtor received multiple offers, she selected the offer submitted by Reema

13　Bahnasy as the best offer.  Gewalt is aware of two consensual liens secured by the

14　property.  A first priority Note secured by deed of trust held by Pacific Funding

15　Solutions in the approximate amount of $391,000 and a second priority Note secured

16　by deed of trust held by Gulamali Faizullah in the approximate amount of $205,000.

17　The Faizullah Note is also secured by 801 and 807 Wheelock, Franklin Texas.  Placer

18　County property taxes in the approximate amount of $5,541.20 are also owed.  A

19　Preliminary Title Report has been ordered but not yet received.  Debtor anticipates

20　filing a Supplement to the Exhibits when the Report is available.

21　　　　　4.   The sale is where is, as is, without any warranty express or implied.

**TERMS OF THE SALE AGREEMENT**

23　　　　　The proposed sale terms are $826,000 cash less a credit not to exceed $4,000

24　for the rental income earned between March 10, 2021 and the escrow closing.  Other

25　than the credit for rental income there are no inspection or financial contingencies, and

26　the Buyer hopes to close as soon as a Certified Copy of Court's Order Approving Sale

27　is available and no later than March 29, 2021.  Copies of the Purchase and Sale

28　Agreement dated February 28, 2021 and amended by Seller Multiple Counter Offer

No. 1 dated March 2, 2021 and Buyer Counter Offer No. 1 executed by Victoria

Gewalt on March 3, 2021 are attached to the Exhibits filed in support of the present

motion.

## PROPOSED OVERBID PROCEDURES

Subject to Bankruptcy Court Approval, the Debtor requests approval of overbid

procedures that require a proposed overbidder, prior to the hearing on this motion, to

provide counsel for the Debtor a deposit by cashier's check in the amount of $43,300

($41,300 deposit and 1st overbid in the amount of $1,000) and provide proof of funds

for the balance of the purchase price.  Any overbidding shall proceed in increments of

at least $2,000.  In the event the overbidder is unable to complete the sale within 5

days of the hearing the deposit shall be retained by the estate as liquidated damages.


## BASIS FOR APPROVAL OF SALE

Under Section 363(b)(1) of the Bankruptcy Code, a revested Debtor acting as

Plan Administrator has the powers of a trustee and acting as trustee, may, after notice

and hearing, use, sell or lease other than in the ordinary course of business, property of

the estate.  Approval of a transaction subject to Section 363 is within the sound

discretion of the Court.  In re Lionel Corp., 722 F. 2nd 1063, 1071 (2nd Cir. 1983); In re

Baldwin-United Corp., 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984).  In evaluating

whether a transaction is based upon a sound business purpose the Court should

consider all salient factors pertaining to the proceeding and act upon the diverse

interests of the debtor and creditors.  Here Gewalt with the assistance of an

experienced local realtor has marketed the property.  These marketing efforts resulted

in three offers.  After examining the offers Gewalt countered and accepted the offer

being presented here.  See Exhibits to Motion For Sale.

11 U.S.C. §363(f) provides for a sale free and clear of any interests.  Section

363(f) authorizes a sale where: (1) applicable nonbankruptcy law permits sale of such

property free and clear of such interests: (2) such entity consents; (3) such interest is a

1   lien and the price at which such property is to be sold is greater than the aggregate

2   value of all liens of such property; (4) such interest is in bona fide dispute; (5) such

3   entity could be compelled, in a legal or equitable proceeding, to accept a money

4   satisfaction of such interest.  Gewalt is aware of two consensual liens secured by the

5   real property as well as property taxes.  She estimates that after satisfaction of the

6   consensual liens, payment of property taxes and costs of sale the proposed sale will net

7   approximately $180,000 for the estate.

8         11 U.S.C. §363(f) (2) provides that a trustee (or debtor in possession acting as

9   trustee) may sell property free and clear of any interest in such property of an entity

10  other than the estate if such entity consents.  Debtor believes that all liens secured by

11  the property will be paid in full with a dividend to the estate of approximately

12  $180,000.  As a consequence, the motion of the Debtor under Section 363(f) is proper,

13  and the motion should be granted in its entirety.

14                **BASIS FOR APPROVAL OF BROKER'S COMPENSATION**

15        11 U.S.C. 330(a)(1)(A) authorizes the court to award to a professional person

16  "reasonable compensation for actual, necessary services."  The Debtor requests that

17  the Court approve the Broker's commission in the amount of $41,300 (5% of the gross

18  sale price), or the appropriate commission resulting from a successful overbid.  The

19  contractual commission fee charged is a reduction from the six percent originally

20  agreed to and is a reasonable charge for similar work performed in similar matters, and

21  the compensation sought by the Broker is not inconsistent with that authorized in

22  similar cases.  Broker was employed by Debtor prior to the filing of the present case.

23                     **BASIS FOR WAIVER OF FRBP 6004(h)**

24        Debtor does not anticipate any opposition to this motion.  The proposed sale

25  terms require a very prompt closing and generate funds adequate to pay secured claims

26  as generate a significant surplus for the estate.  Further, the Buyer desires immediate

27  ownership and was prepared to close within days of the original offer.  Buyer indicates

28  that her offer presupposed a very prompt closing.  Accordingly, Debtor requests that

the 14 day stay period imposed by Federal Rule of Bankruptcy Procedure 6004(h) be

waived so that the sale can move forward immediately upon entry of the Court's order

approving sale.

　　　　**WHEREFORE**, Debtor requests an order:

　　　　A.　Authorizing the conclusion of the proposed sale.

　　　　B.　Authorizing the Debtor to execute any and all instruments, documents and

agreements necessary to and for the sale of the Assets of the Debtor and to take any

and all actions necessary or appropriate to perform, undertake, consummate,

implement and close the sale, transfer and conveyance of the Assets, including,

without limitation, executing all additional instruments, documents and agreements as

may be necessary, expedient or proper to complete any and all confirmations,

acknowledgments, conveyances, transfers, sales, grants, assignments, and/or

subordinations;

　　　　C.　That the Bankruptcy Court shall retain jurisdiction and power of any action,

proceeding, dispute and/or matter arising under, arising out of, or related to or

encompassed by this motion or the sale that is the subject of this motion.

　　　　D.　Approving the payments of realtor commissions and ordinary and

customary costs of sale;

　　　　E.　Waiver of the stay imposed by Federal Rule of Bankruptcy Procedure

6004(h) and;

　　　　E.　For any and all such further relief as the Court deems just and proper.


Dated: March 4, 2021　　　　**REYNOLDS LAW CORPORATION**


　　　　　　　　　　　　 /s/ Stephen M. Reynolds
　　　　　　　　　　　　Stephen M. Reynolds
　　　　　　　　　　　　Attorneys for Victoria Gewalt