5
Stephen M. Reynolds, CBN 148902
**Reynolds Law Corporation**
424 2nd Street, Ste. A
Davis, CA 95616
(530) 297-5030 Phone
(530) 297-5077 Fax
sreynolds@lr-law.net email

Attorney for Debtor-in-Possession
Victoria Gewalt

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:

Victoria Gewalt,

Debtor.

| | |
|---|---|
| Case No. | 21-20600-C-11 |
| DCN: | RLC-10 |
| Date: | June 23, 2021 |
| Time: | 11:00 a.m. |
| Dept: | C |
| Courtroom: | 35 |
| Judge. | Klein |

## MOTION TO APPROVE SALE OF REAL PROPERTY, COMPENSATION TO BROKER, AND WAIVER OF 14 DAY STAY PERIOD
### [11 U.S.C. §363(f)]

Victoria Gewalt, the Chapter 11 debtor-in-possession in the above captioned case ("Gewalt"), hereby moves for an order approving the sale of real property of the estate commonly known as 4403 Carter Creek #6, Bryan, County of Brazos, Texas. Specifically Lot Unit 30, Bldg C April Cout Townhomes. ("Property") comprising a 2-bedroom, 1 bath 1116 square foot residence pursuant to the terms of the Purchase Contract dated and Sale Agreement dated June 11, 2021 between the Debtor and Randal J. Lunsford. A true and correct copy of the Contract is attached to the Exhibits filed in support of the present motion. Debtor anticipates supplementing the record with a copy of the Preliminary Title Report when available.

Debtor also requests an order approving compensation to the estate's real estate broker, Keller Williams Realty B/V who is the broker employing Mary Whitworth who is seeking approval of her employment by the estate. In addition, Debtor requests

1  that the 14-day stay period imposed by Federal Rule of Bankruptcy Procedure 6004(h)

2  be waived.

3         Debtor's proposed Plan of Reorganization, as modified, includes a provision for

4  the payment of thirty-five percent (35%) of net proceeds, the holder of the first deed of

5  trust secured by Debtor's residence. See Memorandum of Points & Authorities in

6  Support of Chapter 11 Subchapter V Plan Confirmation at page two, proposed plan

7  modification No. 4. (Docket No. 69). Accordingly Debtor seeks Court approval of

8  disbursement of thirty-five percent (35%) of net proceeds to Class 4 Mechanics Bank.

9         In support of the motion to sell the Debtor represents as follows:

10         1. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §363

11  and 28 U.S.C. §§157 and 1334 and Federal Rules of Bankruptcy Procedure, Rules

12  6004 and 9014. This is a core proceeding pursuant to 28 U.S.C. §157(b).

13         2. Gewalt commenced this case as a voluntary Chapter 11 on February 22,

14  2021.

15         3. Among the assets of this bankruptcy estate is Debtor's interest in the 4430

16  Carter Creek, #6, Bryan, Texas property. Debtor had listed the Property prior to the

17  filing of this case. The property was originally listed for $82,900 in November 2018.

18  The current offer is an all cash with a July 15, 2021 closing date. The price is $73,000.

19  The property is currently vacant and available for immediate sale.

20         4. The sale is where is, as is, without any warranty express or implied.

**TERMS OF THE SALE AGREEMENT**

22         The proposed sale terms are $73,000 cash. Buyer's contract requires closing

23  prior to July 15, 2021.

**PROPOSED OVERBID PROCEDURES**

25         Subject to Bankruptcy Court Approval, the Debtor requests approval of overbid

26  procedures that require a proposed overbidder, prior to the hearing on this motion, to

27  provide counsel for the Debtor a deposit by cashier's check in the amount of $10,000

28  ($9,000 deposit and 1st overbid in the amount of $1,000) and provide proof of funds

1    for the balance of the purchase price. Any overbidding shall proceed in increments of

2    as determined by the Court. In the event the overbidder is unable to complete the sale

3    within 5 days of the hearing the deposit shall be retained by the estate as liquidated

4    damages.

5

6                             **BASIS FOR APPROVAL OF SALE**

7            Under Section 363(b)(1) of the Bankruptcy Code, a revested Debtor acting as

8    Plan Administrator has the powers of a trustee and acting as trustee, may, after notice

9    and hearing, use, sell or lease other than in the ordinary course of business, property of

10   the estate. Approval of a transaction subject to Section 363 is within the sound

11   discretion of the Court. In re Lionel Corp., 722 F. 2nd 1063, 1071 (2nd Cir. 1983); In re

12   Baldwin-United Corp., 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984). In evaluating

13   whether a transaction is based upon a sound business purpose the Court should

14   consider all salient factors pertaining to the proceeding and act upon the diverse

15   interests of the debtor and creditors. Here Gewalt with the assistance of an

16   experienced local realtor has marketed the property. These marketing efforts resulted

17   in several offers; the best is the Lunsford all cash offer. See Exhibits to Motion for

18   Sale.

19           11 U.S.C. §363(f) provides for a sale free and clear of any interests. Section

20   363(f) authorizes a sale where: (1) applicable nonbankruptcy law permits sale of such

21   property free and clear of such interests: (2) such entity consents; (3) such interest is a

22   lien and the price at which such property is to be sold is greater than the aggregate

23   value of all liens of such property; (4) such interest is in bona fide dispute; (5) such

24   entity could be compelled, in a legal or equitable proceeding, to accept a money

25   satisfaction of such interest. Gewalt is aware of one consensual lien[1] secured by the

26   real property as well as property taxes. She estimates that after satisfaction of the

27

28
─────────────────────
[1] Prosperity Bank, see POC-9 filed May 21, 2021.

1  consensual lien, payment of property taxes and costs of sale the proposed sale will net

2  approximately $57,000 for the estate.

3       11 U.S.C. §363(f) (2) provides that a trustee (or debtor in possession acting as

4  trustee) may sell property free and clear of any interest in such property of an entity

5  other than the estate if such entity consents. Debtor believes that all liens secured by

6  the property will be paid in full. Therefore, the motion of the Debtor under Section

7  363(f) is proper, and the motion should be granted in its entirety.

8                **BASIS FOR APPROVAL OF BROKER'S COMPENSATION**

9       11 U.S.C. 330(a)(1)(A) authorizes the court to award to a professional person

10 "reasonable compensation for actual, necessary services." The Debtor requests that

11 the Court approve the Broker's commission in the amount of $4,380 (6% of the gross

12 sale price), or the appropriate commission resulting from a successful overbid. The

13 contractual commission fee charged is a reduction from the six percent originally

14 agreed to and is a reasonable charge for similar work performed in similar matters, and

15 the compensation sought by the Broker is not inconsistent with that authorized in

16 similar cases. Broker was employed by Debtor prior to the filing of the present case.

17                     **BASIS FOR WAIVER OF FRBP 6004(h)**

18      Debtor does not anticipate any opposition to this motion. The proposed sale

19 terms require a very prompt closing and generates funds adequate to pay secured

20 claims as generate a significant surplus for the estate. Further, the Buyer desires

21 immediate ownership and was prepared to close within days of the original offer. The

22 Sale contract requires a closing no later than July 15, 2021. Accordingly, Debtor

23 requests that the 14 day stay period imposed by Federal Rule of Bankruptcy Procedure

24 6004(h) be waived so that the sale can move forward immediately upon entry of the

25 Court's order approving sale.

26      **WHEREFORE**, Debtor requests an order:

27      A.  Authorizing the conclusion of the proposed sale.

28      B.  Authorizing the Debtor to execute any and all instruments, documents and

1   agreements necessary to and for the sale of the Assets of the Debtor and to take any

2   and all actions necessary or appropriate to perform, undertake, consummate,

3   implement and close the sale, transfer and conveyance of the Assets, including,

4   without limitation, executing all additional instruments, documents and agreements as

5   may be necessary, expedient or proper to complete any and all confirmations,

6   acknowledgments, conveyances, transfers, sales, grants, assignments, and/or

7   subordinations;

8      C. That the Bankruptcy Court shall retain jurisdiction and power of any action,

9   proceeding, dispute and/or matter arising under, arising out of, or related to or

10   encompassed by this motion or the sale that is the subject of this motion.

11      D. Approving the payments of realtor commissions and ordinary and

12   customary costs of sale.

13      E. Payment of thirty-five percent (35%) of net proceeds to Mechanics Bank.

14      F. Waiver of the stay imposed by Federal Rule of Bankruptcy Procedure

15   6004(h) and;

16      G. For any and all such further relief as the Court deems just and proper.

17

18   Dated: June 14, 2021       **REYNOLDS LAW CORPORATION**

19

20                    /s/ Stephen M. Reynolds
                   Stephen M. Reynolds

21                    Attorneys for Victoria Gewalt

22

23

24

25

26

27

28