1  **6**
**PRENOVOST, NORMANDIN, DAWE & ROCHA**
**A Professional Corporation**
2  **TOM R. NORMANDIN, SBN 102265**
**tnormandin@pnbd.com**
3  **2122 North Broadway, Suite 200**
**Santa Ana, California 92706-2614**
4  **Phone No.:    (714) 547-2444**
**Fax No.:       (714) 835-2889**
5
Attorneys for MECHANICS BANK Successor by
6  merger from Rabobank

7

8                UNITED STATES BANKRUPTCY COURT

9       EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11  In re                                    Case No. 21-20600

12  VICTORIA M. GEWALT,                      Subchapter V  Chapter 11

13            Debtor.                        DC No.: TRN-2

14                                           **SECURED CREDITOR MECHANICS**
                                             **BANK'S OBJECTION TO DEBTOR'S**
15                                           **PROPOSED SUBCHAPTER V PLAN**

16                                           Hearing –

17                                           Date:     July 14, 2021
                                             Time:     11:00 a.m.
18                                           Ctrm:     Courtcall
                                             Place:    501 I Street
19                                                     Sacramento, CA 95814

20                                           Judge:    Hon. Christopher M. Klein

21

22  **TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY**

23  **JUDGE, AND RESPONDENTS:**

24       Secured creditor Mechanics Bank, successor-by-merger to Rabobank, N.A. hereby objects

25  to the Debtor's proposed Subchapter V Plan.  In support thereof, Mechanics Bank submits as

26  follows:

27

28  9328.0057 / 02261745.1
                                             1
                        SECURED CREDITOR MECHANICS BANK'S OBJECTION
                         TO DEBTOR'S PROPOSED SUBCHAPTER V PLAN

**STATEMENT OF FACTS**

**A.     GENERAL BACKGROUND**

1.     On October 8, 2008, Charles D. Gewalt and Debtor, Victoria M. Gewalt, Trustees of the Gewalt Revocable Trust U/A/D November 6, 1989 (herein "Debtor"), executed an Adjustable Rate Note secured by a Deed of Trust recorded on real property commonly described as 9649 Sterling Pointe Court, Loomis, CA 95650 ("the Sterling Pointe Court Property"). The Note and Deed of Trust was in the original principal sum of $1,162,500.00. The contractual rate of interest was 6.25%, but is now 2.375%. Principal and interest payments continue to accrue at the rate of $8,085.34 per month. [Cook Declaration ¶ 4; Exhibits "1" and "2" to Cook Declaration].

2.     Since June 5, 2012, the Sterling Pointe Court Property has been in and out of foreclosure:

On June 5, 2012, a Notice of Default was recorded on the subject property.

On February 21, 2013, a Rescission of the Notice of Default was recorded.

On May 24, 2017, a Notice of Default was recorded on the subject property.

On September 27, 2017, a Rescission of the Notice of Default was recorded.

On June 4, 2018, a Notice of Default was recorded on the subject property.

On February 22, 2019, a Rescission of the Notice of Default was recorded.

On July 2, 2019, a Notice of Default was recorded on the subject property.

[Cook Declaration ¶ 7.]

3.     Debtor remains past due on the Mechanics Bank loan since February 1, 2019. The Debtor is in arrears for the time period between February 1, 2019 to June 1, 2021 in the amount of $226,748.16. Mechanics Bank has not received payments during this Chapter 11 proceeding. [Cook Declaration ¶8-9.]

/ / /

/ / /

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel (714) 547-2444 • Fax (714) 835-2889

**B.**    **THE BANKRUPTCY PROCEEDING**

4.     The Debtor filed the within Chapter 11 proceeding on February 22, 2021.

5.     On March 4, 2021, the Debtor filed her Schedules and Statement of Financial Affairs. Therein, Schedule I reflected monthly income of $7,600 per month and basic monthly living expenses (not including expenses not related to her residence) of $7,768. [Debtor's Schedules and Statement of Financial Affairs]. However, on March 5, 2021, the Debtor filed her amended Statement of Current Monthly Income, which indicated that her income was only $6,500 per month. [Debtor's Amended Statement of Current Monthly Income].

6.     Thus, not only does the Debtor not have sufficient income to pay for any expenses associated with the properties that are not her residence, The Debtor has insufficient income to maintain her own monthly living expenses.

**C.**    **THERE IS NO EQUITY IN THE STERLING POINT PROPERTY**

7.     The Debtor's Schedule D ¶ 2.6, represents that the liquidation value of the Sterling Pointe Property is $1,500,000. The amount owing to Mechanics Bank as of June 8, 2021 is $1,332,994. [Cook Declaration ¶ 11.] And, there is a deed of trust in favor of Safy Khalifa in the amount off $100,000, recorded on the Sterling Pointe Property. [Debtor's Schedule D, ¶ 2.9.] There is also an abstract of judgment in the amount of $246,572. [Cook Declaration ¶ 18; Exhibit "5".] Since the abstract of judgment has not been avoided, there is no equity in the Sterling Pointe Property ($1,500,000 minus $1,679,000 in liens, minus $129,500 in hypothetical costs of sale, leaves negative equity). That negative equity is quickly increasing at the rate of $8,085.34 per month, as the Debtor has not and does not propose to make payments. As such, Mechanic's Bank has filed a Motion for Relief from Stay, which is presently set for hearing on July 14, 2021.

/ / /

/ / /

/ / /

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel (714) 547-2444 • Fax (714) 835-2889

**D.**    **THE PLAN OF REORGANIZATION**

8.    On April 13, 2021, the Debtor filed her Chapter 11 Plan. The Plan does not provide for payments to creditors from the Debtor's monthly disposable income as the Debtor has no monthly disposable income. Rather, under the Plan, both secured and unsecured creditors will receive nothing until the properties are sold or refinanced.

9.    With regard to the treatment of Mechanic's Bank, the Plan does not propose to cure the existing default through periodic cure payments (11 U.S.C. § 1124(2)) or make any payments to Mechanic's Bank whatsoever. Thus, principal and interest payments continue to accrue at the rate of $8,085.34 per month. Moreover, once the stay is no longer effect (e.g. upon confirmation), Mechanic's Bank would be permitted to conclude its foreclosure sale as the loan would still be in default.

10.    On May 25, 2021, Mechanic's Bank cast its ballot against the Plan.

11.    On June 2, 2021, the Debtor filed its Confirmation Memorandum, which slightly modified the treatment of Mechanic's Bank, but still did not propose to cure the default by submission of monthly arrearage and regular mortgage payments.

12.    At the hearing on Confirmation on June 9, 2021, the Court continued the hearing on confirmation to July 14, 2021.

## MEMORANDUM OF POINT AND AUTHORITIES

### I.

### THE PLAN IMPROPER MODIFIES A DEBT SECURED

### SOLELY BY THE DEBTOR'S RESIDENCE

13.    A plan may not modify a debt secured solely by the debtor's principal residence. 11 U.S.C. § 1123(b)(5). In the present case, the Debtor's Plan improperly modifies Mechanics Bank's loan, by eliminating the Debtor's obligations to make monthly payments, making no provision for curing the arrears and making no provision for the accrual of interest at the default rate.

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92705-2614
Tel (714) 547-2444 • Fax (714) 835-2889

## II.

## THE PLAN IS NOT FAIR AND EQUITABLE AS TO THE TREATMENT OF

## MECHANICS BANK AND THUS, CANNOT BE CONFIRMED OVER ITS OBJECTION

14.     A plan can only be confirmed over the objection of a non-consenting class of creditors if the plan comports with Bankruptcy Code § 1129(b)(1). To do so, the plan cannot unfairly discriminate and must be fair and equitable to the creditor.   Under Bankruptcy Code § 1129(b)(2)(A), a plan is fair and equitable as to a class of secured claims if the plan provides:

> (i)     that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims;  and
>
> (ii)    that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; . . .

15.     Thus, a plan is fair and equitable to a class of secured claim holders if such holders receive deferred cash payments totaling at least the allowed amount of their claims.

16.     Here, the Debtor provides for no periodic payments of any amount, nor does the Debtor have the means to do so.  Accordingly, the Plan cannot be confirmed over Mechanic Bank's objection as the Plan is not fair and equitable.

/ / /

/ / /

/ / /

/ / /

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel (714) 547-2444 • Fax (714) 835-2889

### III.

### <u>CONCLUSION</u>

17.    For the foregoing reasons, Mechanics Bank respectfully requests that confirmation be denied.

DATED:  June 25, 2021                    PRENOVOST, NORMANDIN, DAWE & ROCHA
                                         A Professional Corporation


                                         By:  _____/s/ Tom R. Normandin_____
                                              TOM R. NORMANDIN
                                              Attorneys for MECHANICS BANK Successor by
                                              merger from Rabobank

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92705-2614
Tel (714) 547-2444 • Fax (714) 835-2889

9328.0057 / 02261745.1

6

SECURED CREDITOR MECHANICS BANK'S OBJECTION
TO DEBTOR'S PROPOSED SUBCHAPTER V PLAN